# CHARLESTON.

### JONES *v.* GILLESPIE.

Submitted January 22, 1889.—Decided March 4, 1889.

*(GREEN, JUDGE, absent.)

1. REVERSAL OF JUDGMENT.
   A case in which a decree of the Circuit Court is reversed upon the facts.

2. REVERSAL OF JUDGMENT.
   Where a subsequent decree is based solely upon a previous decree in the same cause, the reversal of the latter will necessarily result in the reversal of the former.

*H. M. Russell* and *W. P. Hubbard,* for appellants.

*D. D. Johnson,* for appellee D. H. Jones.

SNYDER, PRESIDENT :

This is an appeal from two decrees pronounced by the Circuit Court of Wood county in the consolidated suits of *Jones & Haines* v. *R. H. Gillespie, trustee and others,* and *A. P. Riggs & Co.* v. *John A. Armstrong and others,* on July 25, 1885, and March 12, 1887, respectively. Jones & Haines having become deeply indebted in the year 1881 conveyed all their property real and.personal to R. H. Gillespie, trustee, for the benefit of their creditors; and in these consolidated suits the liens on the lands thus conveyed to Gillespie were ascertained and fixed. Among these lands was a tract of eighty seven acres in Pleasants county known as "Tract No. 7." According to the priorities of the liens it was

*On account of illness.

found, that the defendants, The Monitor Tow-Boat & Lumber Company and John A. Armstrong, had the first liens on the said tract No. 7 for an amount largely in excess of its value, so that the said defendants were entitled to the whole of the proceeds of said tract. By a decree entered August 7, 1883, the sale of all said lands was directed; but upon the petition of D. H. Jones the sale of said tract No. 7 was by the same decree suspended, until the matters arising upon said petition might be determined. In this petition D. H. Jones set up a claim to tract No. 7 and asserted, that he was the owner of the said land and entitled to a conveyance thereof. Jones & Haines answered this petition denying its averments, and evidence was taken by both parties in respect thereto, but it was not until the aforesaid decree of July 25, 1885, that the court took any action upon said petition. By that decree the court determined, that D. H. Jones was entitled to said land and directed, that it should be conveyed to him. In the meanwhile however, on November 30, 1883, a decree was entered containing the following clause:

"On motion of the defendants Armstrong and the Monitor Tow-Boat and Lumber Co., and by consent of the petitioner, D. H. Jones, it is ordered that unless said Jones do, within sixty days from this date, give bond, * * * * the said petition shall be dismissed; so much of the decree of Aug. 7, 1883, as suspends the sale of said tract of eighty seven acres shall have no further effect; and the special commissioners heretofore appointed shall proceed to sell said tract as directed by other provisions of said decree of August 7, 1883."

The said commissioners after having waited more than sixty days proceeded on March 11, 1884, to sell said tract No. 7, and John A. Armstrong became the purchaser at the price of $500.00; and on August 12, 1884, the court entered a decree confirming said sale and directed the proceeds to be paid on the debts previously ascertained. But before said sale, to wit, on March 8, 1884, without the knowledge of the commissioners or notice to the parties interested, the court entered an order extending the time, within which the said D. H. Jones might give the bond required by the decree of

November 30, 1883, forty five days from that date. The bond was subsequently given on March 29, 1884, which was eighteen days after the sale of the land. After the said sale to John A. Armstrong had been confirmed, he executed a deed showing, that he had purchased said tract No. 7 for the Monitor Tow-Boat & Lumber Company, which company on July 17, 1885, before said decree of July 25, 1885, had been made, executed a general assignment of all its property including the said tract of land No. 7 to Thomas O'Brien for the benefit of its creditors.

On July 27, 1885, D. H. Jones exhibited in the said court his bill in the nature of a bill of review, in which he sets forth the decrees and orders hereinbefore mentioned and avers, that John A. Armstrong is in possession of said tract of eighty seven acres of land, and prays, that the sale of said land may be set aside, and the said decree of August 12, 1884, confirming said sale be reviewed and reversed, and the purchase-money paid by said Armstrong refunded to him *etc.*

The defendants John A. Armstrong, The Monitor Tow-Boat & Lumber Company and Thomas O'Brien answered this bill claiming, that the respondent, O'Brien, was a purchaser of said land without notice or knowledge of the claim of D. H. Jones thereto, and that R. H. Gillespie, trustee, under whom respondents claim, was also a *bona fide* purchaser without notice; and that therefore they are unaffected by any equity of said D. H. Jones, if he has any, in said land; and they also deny the sufficiency of said bill of review and pray, that the same may be dismissed.

On March 12, 1887, the court entered the second decree, from which this appeal is taken, by which the court reversed and set aside the said decree of August 12, 1884, confirming said sale, set aside the sale, and directed the said O'Brien, assignee as aforesaid, to refund to John A. Armstrong the money paid by him on the purchase of said land and surrender to him his unpaid notes given therefor. The appellants here are John A. Armstrong, The Monitor Tow-Boat & Lumber Company and Thomas O'Brien, assignee of said company; and the material errors they assign, are as follows: *First,* in respect to the said decree of July 25, 1885,

they claim, that the trust set up in the petition of D. H. Jones was not such, as could have been enforced, even if established, and that it was not established by the evidence; and *second,* if enforceable against Jones & Haines, it could not be enforced against R. H. Gillespie, trustee, because he was a purchaser for value without notice; and *third,* that the said decree of March 12, 1887, improperly sustained said bill of review, for the reason that said bill made no sufficient or proper case for granting the relief prayed.

1. D. H. Jones in his said petition states, that in August, 1876, he purchased from T. W. Ewart the said eighty seven acres of land at the price of $400.00, of which $100.00 was to be paid cash and the residue in annual payments of $100.00 each with interest; and that Ewart executed and delivered to him a title-bond to make him a deed on the payment of the purchase-money; that he made the cash-payment and executed his three several notes for the deferred payments; that, when the first note became due, he made an arrangement with Jones & Haines to pay the same to Ewart for him, and he would repay them by delivering to them staves, timber *etc.;* and that in order to make said Jones & Haines perfectly safe in paying for said land he assigned and delivered said title-bond to them as collateral security; that said Jones & Haines after permitting suit to be brought on said first note paid the same and the costs thereon and charged the amount to him on their books; that subsequently, on July 20, 1877, he and they had a settlement of their accounts, and after satisfying the amount paid by them on said note he owed them a balance of $4.63; that afterwards he continued to deliver lumber and other materials to Jones & Haines, and up to March 15, 1881, he had furnished them more than enough to pay for said land and all the accounts, they had against him; and that notwithstanding this fact the said Jones & Haines on March 15, 1881, when they paid off the last note for said land, produced to said Ewart said title-bond with the assignment thereon and without authority and in fraud of petitioner's rights obtained from said Ewart a deed of that date for said land; that said R. H. Gillespie, trustee, to whom Jones & Haines conveyed said land by deed dated April 27, 1881, as well as John A. Armstrong, The Monitor Tow-Boat & Lum-

ber Company and the other creditors secured in said trust-deed were fully advised of the facts and had notice, that said land was owned by petitioner. He prays, that said deed to Jones & Haines for said land may be declared void, and the land conveyed to him *etc.*

Jones & Haines in their answer to said petition aver, that after D. H. Jones had contracted to purchase said land, Ewart refused to give him possession of it, until he paid or secured the cash-payment, and he being unable to pay it, at his request they indorsed his note for the amount; that Jones allowed this note to be protested and sued upon, and respondents were compelled to pay it; that then, in order to give Jones further time on the other notes, they indorsed them for him upon his promise to assign to them the said title-bond; that as these notes severally fell due the said Jones was unable to pay any part of them, and they were paid by respondents, but before they made the last payment Jones told them, they might take the land, and thereupon he assigned and delivered to them the title-bond, and they paid the balance due on the land, and the deed was made to them by Ewart; that Jones has never repaid them one cent of the purchase-money paid by them for the land, and that no part of said purchase-money was ever charged to him on their books; that upon a settlement of the book-accounts between them and Jones, outside of the money they paid for said land, he will be indebted to them about $200.00; and that a suit has been brought against said Jones to recover this balance. They deny, that said Jones ever paid one cent on said land, or that he has any claim, title or interest therein whatever. They deny, that there was any fraud on their part in said transactions, and aver, that they were *bona fide* purchasers and the rightful owners of said land, at the time they conveyed the same to R. H. Gillespie, trustee.

It would subserve no useful purpose to detail or even review the volume of depositions filed in respect to the issues raised upon said petition and answer; therefore I shall content myself by stating, that I have most carefully and patiently read and considered all of said depositions and the other evidence in the cause, and, after mature consideration of the whole record, it seems to me, the petitioner has wholly

failed to make out his claim, and that the decided weight and great preponderance of the proofs fully sustain the averments of the answer. I am therefore of opinion, that the said decree of July 25, 1885, is erroneous and must be reversed and set aside; and instead thereof a decree must be entered by this Court dismissing said petition with costs to Thomas O'Brien, assignee *etc.* This conclusion makes it unnecessary to consider the other errors assigned, because it follows as an inevitable consequence, that the decree of March 12, 1887, which is based solely upon said decree of July 25, 1885, is also erroneous and must be reversed and set aside, and the other decree of August 12, 1884, and the sale confirmed thereby left and continued in full force. The said decrees are therefore reversed.

REVERSED.